IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL JACKSON, | ) | Case No. 3:18-cv-0840 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| JAMES HAVILAND, WARDEN, | ) | |
| | ) | |
| Defendant. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

## I.    Introduction

Currently before the court is the petition of Michael Jackson, Ohio Inmate #648-516, for a writ of habeas corpus under 28 U.S.C. § 2254.[1]  Respondent filed a motion to dismiss the petition as untimely.[2]  The matter was automatically referred to the undersigned for report and recommendation on May 2, 2018.

On May 24, 2010, Jackson entered a no contest plea to one count of possession of crack cocaine with a major drug offender specification and one count of aggravated trafficking in drugs.[3]  On August 9, 2010, Jackson was sentenced to serve an aggregate prison term of 14 years.[4]  Jackson is currently incarcerated at the Allen Correctional Institution.[5]

---

[1] ECF Doc. 1.
[2] ECF Doc. 8.
[3] ECF Doc. 8-1 at Ex. 8, Page ID# 133.
[4] ECF Doc. 8-1 at Ex. 9, Page ID# 135-137.
[5] https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A648516 (Last visited 12/27/18)

Jackson's petition raises one ground for relief.[6]  On July 13, 2018, respondent filed a motion to dismiss the petition as barred by the statute of limitations set forth in 28 U.S.C. § 2244(d).[7]  The court granted an extension until October 31, 2018 for Jackson to file a response to the motion to dismiss.[8]  Despite this extension, Jackson did not file any opposition to the motion to dismiss.  Because Jackson's petition was untimely, I recommended respondent's motion to dismiss be GRANTED and that the petition be DISMISSED with prejudice.

## II.    Factual Background

Factual findings of state courts are presumed correct unless a petitioner rebuts them with clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Moore v. Mitchell,* 708 F.3d 760, 775 (6th Cir. 2013).  The Ohio Court of Appeals made the following findings of fact:

> {¶2} On July 29, 2009, appellant was indicted on nine counts of drug-related charges.  Appellant moved to suppress evidence obtained during the execution of a search warrant, but the trial court denied the motion, finding that the affidavit for the warrant was sufficient to establish probable cause for the search. The trial court additionally found, as an alternative basis for denying the motion to suppress, that police officers executed the warrant in good faith.

> {¶3}  Following the denial of his motion to suppress, appellant [pleaded] no contest to: (1) a charge of possession of crack cocaine in violation of R.C. 2925.11(A) and (C)(4)(f), with a major drug offender specification pursuant to R.C. 2941.1410; and (2) a charge of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2) and (C)(1)(c).  Appellant was sentenced to serve 14 years in prison, and he was ordered to pay a $10,000 fine.

*State v. Jackson,* No L-10-1227, 2011-Ohio-494 (6th Dist.).

---

[6] ECF Doc. 1.
[7] ECF Doc. 8.
[8] Non-Document. Order dated September 19, 2018.

### III.    Procedural History

#### A.    Original Proceedings Leading to Conviction

On August 29, 2009, Jackson was indicted on one count of possession of cocaine in violation of Ohio Rev. Code § 2925.11(A)&(C)(4)(f) with a major drug offender specification; one count of trafficking in cocaine in violation of Ohio Rev. Code § 2925.03(A)(2) and (C)(4)(g) with a major drug offender specification; one count of possession of cocaine in violation of Ohio Rev. Code § 2925.11(A) and (C)(4)(d); one count of trafficking in cocaine in violation of Ohio Rev. Code § 2925.03(A)(2) and (C)(4)(e); two counts of aggravated possession of drugs in violation of Ohio Rev. Code § 2925.11(A) and (C)(1); two counts of aggravated trafficking in drugs in violation of Ohio Rev. Code § 2925.03(A)(2) and (C)(1); and one count of trafficking in marijuana in violation of Ohio Rev. Code § 2925.03(A)(2) and (C)(3)(c).[9]

Jackson filed a motion to suppress on August 13, 2009.[10]  The court held a hearing on September 15, 2009.  On March 25, 2009, the court issued an opinion and judgment entry denying Jackson's motion to suppress.[11]

On May 24, 2010, Jackson withdrew his not guilty plea and entered a negotiated plea of no contest to one count of possession of crack cocaine with a major drug offender specification, and one count of aggravated trafficking in drugs.[12] The court accepted his plea and found him guilty.[13]  After a hearing, Jackson was sentenced to an aggregate term of fourteen years incarceration on August 9, 2010.[14]

---

[9] ECF Doc. 8-1 at Ex. 1, Page ID# 61-66.
[10] ECF Doc. 8-1 at Ex. 2, Page ID# 68-76.
[11] ECF Doc. 8-1 at Ex. 6, Page ID# 119-131.
[12] ECF Doc. 8-1 at Ex. 7 & 8, Page ID# 132-134.
[13] ECF Doc. 8-1 at Ex. 7, Page ID# 132.
[14] ECF Doc. 8-1 at Ex. 9, Page ID# 135-137.

## B.      Direct Appeal

On August 12, 2010, Jackson, still represented by trial counsel, filed a direct appeal in the

Ohio Court of Appeals asserting a single assignment of error:[15]

> The trial court erred in denying the Appellant's motion to suppress all evidence
> seized as a result of a May 1, 2009 search of the residence at 5329 Cowan.[16]

The court of appeals affirmed the trial court's judgment on February 4, 2011.[17]

On March 15, 2011, Jackson, through new counsel, filed a timely notice of appeal to the

Ohio Supreme Court.[18]  In his memorandum in support of jurisdiction, he asserted a single

proposition of law:

> Jackson's rights pursuant to the Fourth and Fourteenth Amendments of the United
> States Constitution were violated because the search warrant did not establish
> probable cause for the residence that was searched.  And, there was no good faith
> exception.[19]

On June 18, 2011, the Ohio Supreme Court declined jurisdiction and denied leave to appeal.[20]

No further action was taken on Jackson's direct appeal.

## C.      Post-Conviction Filings

On May 18, 2012, Jackson filed a *pro se* motion to withdraw no contest plea, pursuant to

Criminal Rule 32.1.[21]  Jackson argued that his plea was not entered into voluntarily, knowingly

or intelligently.[22]  The trial court denied Jackson's motion in a judgment entry dated June 25,

2012.[23]  Jackson did not appeal this judgment.

---

[15] ECF Doc. 8-1 at Ex. 10 & 11.
[16] ECF Doc. 8-1 at Ex. 11, Page ID# 143.
[17] ECF Doc. 8-1 at Ex. 14, Page ID# 200-202.
[18] ECF Doc. 8-1 at Ex. 15, Page ID# 216.
[19] ECF Doc. 8-1 at Ex. 16, Page ID# 220.
[20] ECF Doc. 8-1 at Ex. 17, Page ID# 246.
[21] ECF Doc. 8-1 at Ex. 18, Page ID# 247.
[22] Id.
[23] ECF Doc. 8-1 at Ex. 19, Page ID# 253.

On March 2, 2017, Jackson filed a petition to vacate or set aside judgment of conviction or sentence, pursuant to Ohio Rev. Code § 2953.23.[24]  Jackson argued that his conviction should be vacated pursuant to the Ohio Supreme Court's decision in *State v. Gonzales,* 151 Ohio St.3d 261, 2016-Ohio-8319.  On March 13, 2017, the state filed a motion for summary judgment/motion to dismiss/answer to Jackson's petition.[25]  The state argued that Jackson's petition was untimely, but even if it weren't the *Gonzales* decision had been reconsidered and vacated by the Ohio Supreme Court in *State v. Gonzales,* 150 Ohio St.3d 276, 2017-Ohio-777.[26]  Jackson filed a supplement to his petition to vacate on March 14, 2017.[27]  The trial court denied Jackson's petition in a judgment entry dated March 16, 2017.[28]

Jackson appealed the trial court's denial of his post-conviction petition.[29]  Jackson asserted one assignment of error in his appeal:

> The appellant's sentence was not knowingly, intelligently, and voluntarily made, thereby contrary to law in violation of the due process and Article I, Section 16 of the Ohio Constitution.[30]

On September 29, 2017, the Ohio Court of Appeals affirmed the judgment of the trial court, finding that Jackson's petition was untimely under state statute.[31]  Jackson did not appeal this decision to the Ohio Supreme Court.

---

[24] ECF Doc. 8-1 at Ex. 20, Page ID# 255.
[25] ECF Doc. 8-1 at Ex. 21, Page ID# 259.
[26] Id. at Page ID# 261-262.
[27] ECF Doc. 8-1 at Ex. 22, Page ID# 263.
[28] ECF Doc. 8-1 at Ex. 23, Page ID# 267.
[29] ECF Doc. 8-1 at Ex. 24 & 25, Page ID# 269, 276.
[30] ECF Doc. 8-1 at Ex. 26, Page ID# 280.
[31] ECF Doc. 8-1 at Ex. 28, Page ID# 297.

IV.     **Federal Habeas Petition**

On April 12, 2018, Jackson filed a *pro se* petition for a writ of habeas corpus raising one

ground for relief: [32]

**GROUND ONE:**

The petitioner's sentence is contrary to law, thereby violating the due process clause
under the Fourteenth Amendment to the United States Constitution, and Article 2,
Sec 16 of the Ohio Constitution.

**SUPPORTING FACTS:**

The petitioner [pleaded] guilty to a crack cocaine offense involving mixed
substances.  The state failed to prove the weight of the cocaine met the statutory
threshold, excluding the weight of the filler materials.  The petitioner's offense
level for cocaine possession should have been determined by an amount less that
the amount of cocaine in his possession.[33]

V.      **Law & Analysis**

A.      **Statute of Limitations**

Warden Haviland moves to dismiss Jackson's petition because it is time-barred under 28

U.S.C. § 2244(d)(1).  As amended by § 101 of the Antiterrorism and Effective Death Penalty Act

of 1996 ("AEDPA"),[34]  28 U.S.C. § 2244(d)(1) provides that a person in custody under a

judgment of a state court must file an application for a writ of habeas corpus within one year

from the latest of:

(A) the date on which the judgment became final by the conclusion of direct
review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State
action in violation of the Constitution or laws of the United States is removed,
if the applicant was prevented from filing by such State action;

---

[32] ECF Doc. 1 at Page ID#5.
[33] Id.
[34] Pub. L. No. 104-132, 110 Stat. 1214.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Subsection (A) is regarded as the principal statute of limitations for pursuit of habeas petitions under AEDPA.  Subsections (B), (C) and (D) assign later statute of limitations commencement dates under the specified conditions.

Here, Jackson contends that his ground for relief is based on *State v. Gonzales,* which was not decided by the Ohio Supreme Court until February 6, 2015.[35]  Thus, he impliedly asserts that the commencement of the statute of limitations is governed by 28 U.S.C. § 2244(d)(1)(C).  However, the decision cited by Jackson was reconsidered and reversed by the Ohio Supreme Court on February 9, 2016, before he filed his petition for post-conviction relief.  It could not serve as a basis for a later commencement of the limitation period.  Even if *Gonzales* had not been reconsidered, an Ohio Supreme Court decision is not precedent from the U.S. Supreme Court recognizing a new federal constitutional right and/or applying it retroactively.  Thus, 28 U.S.C. § 2244(d)(1)(A) governs the commencement day of Jackson's limitation period.  Under subsection (A), cases become final on direct review when certiorari is denied or time to file a certiorari petition expires.  *Lawrence v. Florida,* 549 U.S. 327, 333 (2007), citing *Clay v. United States,* 537 U.S. 527-528, n.3 (2003).

### 1.  Commencement of Limitation Period

The Ohio Supreme Court denied review on Jackson's direct appeal on June 8, 2011.[36]  Jackson had 90 days to file a petition with the U.S. Supreme Court.  When he failed to do so, his

---

[35] ECF Doc. 1 at Page ID#6.
[36] ECF Doc. 8-1 at Ex. 17, Page ID# 246.

conviction became final. Thus, it became final for § 2241 purposes ninety days later, on September 6, 2011. The period of limitation began to run on the following day, September 7, 2011, and would have expired one year later on September 7, 2012, absent application of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) or other tolling principles. Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000).

### 2.    Statutory Tolling

28 U.S.C. § 2244(d)(2) "provides for statutory tolling of the limitations period during the pendency of properly filed motions for state post-conviction relief, or other collateral review." See *Artuz v. Bennett,* 531 U.S. 4, 8-9 (2000). "The [statutory] tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period has expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Keeling v. Warden, Lebanon Correctional Inst.,*673 F.3d 452, 460 (6th Cir. 2012).

In *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), the United States Supreme Court explained that a state application for post-conviction relief is "properly filed" within the meaning of Section 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. The Sixth Circuit has held that an Ohio prisoner's post-conviction application which was dismissed on timeliness grounds is not considered "properly filed" and therefore does not toll the limitations period. *Vroman,* 346 F.3d at 603.

Jackson's statute of limitations ran for 255 days from September 7, 2011 until May 18, 2012 when he filed a motion to withdraw his no contest plea.[37]  The statute of limitations was tolled until June 25, 2012 when the trial court denied the motion.[38]  Jackson did not appeal the trial court's judgment.  Thus, the statute of limitations resumed thirty days later, on July 25, 2012.  Jackson did not file anything else that would have tolled the running of his AEDPA limitations period, and the statute of limitations expired on November 12, 2012.

Jackson's petition to vacate or set aside judgment filed on March 2, 2017 did not toll the statute of limitations because it was filed after the one-year AEDPA limitations period had expired.  *Keeling,* 673 F.3d at 460.  And, the state court of appeals affirmed the trial court's denial of the petition because it was untimely.[39]

### 3.     Equitable Tolling

AEDPA's statute of limitations may also be tolled on equitable grounds in certain circumstances.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  "Equitable tolling allows courts to review time-barred habeas petitions provided that a litigant's failure to meet the legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452 (6th Cir. 2012) (internal quotation marks omitted).  A habeas petitioner bears the burden of demonstrating he is entitled to equitable tolling.  *See, e.g., McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).  To do so, the petitioner must show that (1) "he has been pursuing his rights diligently," and (2) that "some extraordinary circumstance stood in his way and prevented timely filing."  *Holland*, 560 U.S. at 649; *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745 (6th Cir. 2011).  If the court finds either

---

[37] ECF Doc. 8-1 at Ex. 18, Page ID# 247.
[38] ECF Doc. 8-1 at Ex. 19, Page ID# 253.
[39] ECF Doc. 8-1 at Ex. 28, Page ID# 253.

of those requirements lacking, it cannot apply equitable tolling to save an otherwise time-barred habeas claim.

Jackson bears the burden of establishing that he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Jackson has not shown that he diligently pursued his rights. He did not file a habeas petition after the conclusion of his direct appeal. Presumably, Jackson waited until the Ohio Supreme Court decided *State v. Gonzales,* to file his petition for post-conviction relief. His habeas petition is based on the denial of his post-conviction petition. And, perhaps, if the *Gonzales* case had, in fact, recognized a new federal constitutional right to be applied retroactively, Jackson could argue that he was acting diligently in pursuing his habeas rights. However, as already noted, the *Gonzales* was reconsidered by the Ohio Supreme Court, and it did not establish a new federal constitutional right in any event. Jackson's direct appeal concluded in 2011 and he did not file his habeas petition until 2018. Jackson has not shown that he diligently pursued his rights.

Jackson must also point to extraordinary circumstances that prevented timely filing. A petitioner's *pro se* status and his unawareness of the law provide no basis for equitable tolling. *See Lattimore v. DuBois*, 311 F.3d 46, 55 (1st Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Here, Jackson does not argue for the application of equitable tolling to save his petition. He does not identify any extraordinary circumstance that stood in his way and prevented the timely filing of his federal habeas petition. The undersigned has no choice but to conclude that this is not a case in which equitable tolling may be applied to excuse petitioner from the AEDPA statute of limitations.

### 4.      Actual Innocence

A sufficient claim of actual innocence can overcome a statute of limitations bar in a habeas case to prevent a fundamental miscarriage of justice. *McQuiggin v. Perkins*, 569 U. S. 383 (2013). The Supreme Court noted, however, that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 386 (citing *Schlup v Delo*, 513 U.S. 298, 329 (1995)). This fundamental miscarriage of justice "standard is 'demanding' and seldom met." *Id.* And the standard "applies to a severely confined category: cases in which *new evidence* shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id*. at 395 (emphasis added; citing *Schlup*). The Court concluded by noting: "We stress once again that the *Schlup* standard is demanding. The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id*. at 401.

The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Thus, the threshold inquiry is whether "new facts raise [] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. The Court has noted that "actual innocence means

11

factual innocence not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however that the actual innocence exception should "remain rare" and only be applied in the 'extraordinary case.'" *Id.* at 321.

Because Jackson does not argue that he is actually innocent and has not submitted any new evidence, he is not entitled to equitable tolling of his limitations period based on an actual innocence claim.

### 5. Statute of Limitations Conclusion

Because Jackson filed his habeas petition more than one year after his conviction became final, even after statutory tolling periods are added to the time allowed, his petition is time-barred. Jackson is not entitled to equitable tolling because he has not shown that he diligently pursued his claims or that an extraordinary circumstance prevented him from filing a timely petition. Nor has he offered any newly discovered evidence of his actual innocence to justify an equitable exception to the statute of limitations under *McQuiggin*. For these reasons, I recommend that the court GRANT Warden Haviland's motion to dismiss Jackson's petition as time-barred.

### B. Non-Cognizable Claim

Given the foregoing, it is not necessary to evaluate the remainder of Warden Haviland's arguments for denial of Jackson's petition or to reach the merits of his claims. However, a review of Jackson's petition shows that he is challenging the state's interpretation of its drug

offense laws. And, it appears that Jackson's argument rests upon the Ohio Supreme Court's original decision in *State v. Gonzales,* which it later reconsidered and reversed. Jackson's complaint about the Ohio courts' interpretation of Ohio law cannot be considered in a federal habeas petition, as demonstrated below.

Claims alleging only violations of state law are not cognizable upon federal habeas review and must be dismissed on that basis unless a fundamental violation of petitioner's due process rights has occurred. "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) ("We have long recognized that a 'mere error of state law' is not a denial of due process." (Citation omitted)).

Moreover, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle*, 502 U.S. at 67-68). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). Even if the state court made errors in the application of state law, no cognizable issue arises unless there has been a denial of fundamental fairness. *Wilson v. Sheldon*, 874 F.3d 470, 475 (6th Cir. 2017).

State-court rulings on issues of state law may "rise to the level of due process violations [if] they 'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000)

13

(quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)).  They must be "so egregious that [they] result in a denial of fundamental fairness."  *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). Fundamental fairness under the Due Process Clause is compromised where "the action complained of . . . violates those 'fundamental conceptions of justice which lie at the base of our civil and political institutions,' . . . and which define 'the community's sense of fair play and decency.'"  *Dowling v. United States*, 493 U.S. 342, 352 (1990) (internal citations omitted). Courts, therefore, "'have defined the category of infractions that violate 'fundamental fairness' very narrowly.'"  *Id*. (quoting *Wright v. Dallman*, 999 F.2d 174, 178 (6th Cir. 1993)).

A habeas petitioner must do more than simply assert that a claim arises under a federal constitutional provision.  To be cognizable in federal habeas corpus, the petitioner must demonstrate that there were constitutional errors committed by the state court that were material to the outcome of the case, and that resulted in a denial of fundamental fairness to the petitioner. *Jameson v. Wainwright*, 719 F.2d 1125, 1126 (11th Cir. 1983), cert. denied, 466 U.S. 975 (1984); *Walker v. Engle*, 703 F.2d 959 (6th Cir. 1983).  To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim "presents no federal issue at all."  *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991).

Jackson's ground for relief states no federal issue at all.  He argues that he pleaded guilty to an offense alleging a greater amount of cocaine than he could have properly been charged with because it involved a mixed substance.  His argument lacks any support under state law.  But, even if it that weren't true, it implicates no federal issue.  His sole ground is non-cognizable on habeas review.  Thus, even if Jackson's petition were timely, I would recommend that the Court dismiss it as non-cognizable.

14

### C.      Procedural Default

Warden Haviland also contends that the ground for relief stated in Jackson's petition is procedurally defaulted.[40]  A federal court cannot review "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure."  *Wainwright v. Sykes,* 443 U.S. 72, 87 (1977).  When a petitioner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); see also *Gray v. Netherland*, 518 U.S. 152, 162 (1996).

### 1.      Untimely Petition for Post-Conviction Relief

Here, the state court of appeals affirmed the denial of Jackson's petition for post-conviction relief because it was untimely and none of the potentially applicable exceptions excused the untimeliness of his petition.[41]  In so ruling, the court of appeals applied Ohio's post-conviction relief statute, Ohio Rev. Code § 2953.21(A)(2), and determined that Ohio courts lacked jurisdiction to consider Jackson's untimely petition.  Because the state court applied an independent and adequate state procedural rule to bar the merits of his argument, Jackson's habeas petition is also barred unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); see also *Gray v. Netherland*, 518 U.S. 152, 162 (1996).

---

[40] ECF Doc. 8 at Page ID# 54-55.
[41] ECF Doc. 8-1 at Ex. 28, Page ID# 299-300.

To evaluate a petitioner's cause and prejudice arguments, the court must conduct a four-step analysis to determine whether the petitioner has indeed defaulted and, if so, whether the procedural default may be excused:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule . . . .  Second, the court must decide whether the state courts actually enforced the state procedural sanction . . . .  Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim… This question generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims . . . .  [Fourth, if] the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate. . . that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986).  The determination of whether cause existed ordinarily turns on "whether the prisoner can show that some objective factor external to the defense impeded his efforts to comply with the State's procedural rule."  *Murray v. Carrier,* 477 U.S. 478, 488 (1986).  Jackson does not argue that an objective factor external to his defense impeded his efforts to comply with Ohio's statute governing petitions for post-conviction relief.  He has not shown cause to excuse the procedural default of his sole ground in his habeas petition.

Jackson could also overcome his procedural default by submitting new, reliable evidence showing that he was innocent of the crimes of which he was convicted.  In *Schlup v. Delo*, 513 U.S. 298, 314-315, 115 S.Ct. 851, 130 L. Ed. 2d 808 (1995), the Supreme Court held that a habeas petitioner who makes a "colorable showing of actual innocence" that would implicate a "fundamental miscarriage of justice" may be entitled to have "otherwise barred constitutional claim[s] considered on the merits."  This exception is concerned with actual, as opposed to legal,

innocence and must be based on reliable evidence not presented at trial.  *Schlup,* 513 U.S. at 324; *Calderon v. Thompson,* 523 U.S. 538, 559 (1998).  In such cases, a petitioner must "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial."  *Schlup,* 513 U.S. at 324.  As stated above, Jackson makes no actual innocence claim in his habeas petition.  He argues only that he was charged with possessing the incorrect amount of crack cocaine.  Jackson is not entitled to an exception to the procedural default resulting from the untimeliness of his petition for post-conviction relief.

## 2. Failure to Appeal to Ohio Supreme Court

Jackson's habeas petition is also procedurally defaulted on another basis.  In order for a state prisoner to seek habeas relief, he must have fairly presented and exhausted his federal claims at all levels in the state court system and have given the state courts a full and fair opportunity to act on those claims before he presents them in a federal § 2254 petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).  The exhaustion requirement affords state courts an opportunity to address and, if necessary, correct any federal constitutional violations that may have occurred in the state courts.  *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).  In other words, "the highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims."  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  The exhaustion requirement, however, "refers only to remedies still available at the time of the federal petition." *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982).  It "does not require pursuit of a state remedy [when] such a pursuit is clearly futile."  *Wiley v. Sowders*, 647 F.2d 642, 647 (6th Cir. 1981).  If the petitioner fails to present the claims in state court at all and has lost the opportunity to do so,

or if he fails to present them in compliance with the procedural requirements of the state courts, he has procedurally defaulted them.

Here, Jackson failed to appeal the Ohio Court of Appeals decision affirming the denial of his petition for post-conviction relief to the Ohio Supreme Court. In other words, he failed to present the argument he now asserts in his habeas petition to the state's highest court. This is another basis for finding that the argument raised in his habeas petition is procedurally defaulted.

In summary, there is no basis upon which to excuse the procedural default arising from Jackson's failure to fairly present and exhaust his sole habeas claim in Ohio courts. Thus, even if Jackson's petition were timely, I would recommend that Warden Haviland's motion to dismiss on the ground that Jackson's claim has been procedurally defaulted should be GRANTED.

## VI.     Recommendation Regarding Certificate of Appealability

### A.     Legal Standard

As amended by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2253(c)(1) provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve

18

encouragement to proceed further."'"  *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)); *accord Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000).  The statute requires that certificates of appealability specify which issues are appealable.  28 U.S.C. § 2253(c)(3).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.  The rule tracks the requirement of § 2253(c)(3) that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a).  In light of the Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the certificate of appealability issue is included here.

### B.  Analysis

Where, as here, a petition is to be dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold.  In such cases, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 485 (emphasis added).  As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted."  *Id*. at 486.

19

If the Court accepts the foregoing recommendations concerning the statute of limitations, non-cognizability and procedural default, Jackson would not be able to show that the court's ruling on the procedural question is reasonably debatable. As noted above, Jackson has not denied that his petition is untimely, and he has provided no basis for concluding that he is entitled to a delayed commencement of the limitations period under § 2244(d)(1)(B), (C) or (D), that he is entitled to statutory tolling under § 2244(d)(2) beyond what the undersigned is recommending, or that he is entitled to equitable tolling. Nor has Jackson submitted new, reliable evidence demonstrating that his is the rare petition which should be granted habeas review, despite its untimeliness, because he is actually innocent. Thus, the resolution of the limitations issue is not reasonably debatable, and the Court should conclude that Jackson is not entitled to a certificate of appealability. Similarly, the conclusions that Jackson fails to raise a federal issue and failed to fairly present his argument to the state court's in 1) a timely fashion and 2) to the Ohio Supreme Court in accordance with the procedural requirements of Ohio law cannot reasonably be debated.

## VII.    Recommendations

Because Jackson's ground for relief is time barred, presents non-cognizable issues on habeas review and is procedurally defaulted, I recommend that the court DENY his petition under 28 U.S.C. § 2254. I further recommend that Jackson not be granted a certificate of appealability.

Dated: December 27, 2018

Thomas M. Parker
United States Magistrate Judge

--------------------------------------------------

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of

Courts within fourteen (14) days after being served with a copy of this document.  Failure to file

objections within the specified time may waive the right to appeal the District Court's order.  See

*U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Thomas v. Arn,* 474 U.S. 140 (1985),

reh'g denied, 474 U.S. 1111 (1986).